UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID VAUGHN,

        Plaintiff,                               Hon. Janet T. Neff

v.                                                Case No. 1:11 CV 323

KEVIN ROBB, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendants' Motion for Summary Judgment.  (Dkt. #6).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action terminated.

## BACKGROUND

        In his verified complaint, Plaintiff makes the following allegations.  On November 25, 2010, a Warden's Forum "prisoner election" was conducted, after which "the prisoner members of the newly elected Warden's Forum" submitted a question to the Resident Unit Manager (RUM) or the Assistant Resident Unit Supervisor (ARUS) "regarding the prisoner mail policy. . .and the manner in which Officer Robb was passing out the prisoner mail."  Following a subsequent Warden's Forum meeting concerning this issue, Corrections Officer Kevin Robb "made it plain that he would show who runs the unit."  On January 13, 2011, Robb announced "there are certain individuals telling the administration that I'm not doing my job, so its gonna be some changes, just so you'll know."  Later that day, Officer Hampton said to Plaintiff, "what is this I hear that you ratted Robb out?"

On January 18, 2011, Robb falsely charged Plaintiff with a misconduct for leaving his television on when he was absent from the unit. Plaintiff was found guilty of this misconduct by ARUS Desmond. On January 24, 2011, Plaintiff reported to Deputy Warden Hoffner that he was "receiving rude looks from staff and prisoners" because Robb had labeled him a "rat." On February 4, 2011, Robb and Christopher Dekeyser "concocted" to falsely charge Plaintiff with a misconduct violation for engaging in insolent behavior toward Robb. Plaintiff was convicted of this misconduct violation by Captain Floyd. As a result of this conviction, Plaintiff was removed from his prison job.

Plaintiff initiated this action against Robb and Dekeyser alleging that they subjected him to unlawful retaliation in violation of his rights under the First and Fourteenth Amendments. Plaintiff also alleges that Robb and Dekeyser conspired to deprive him of his constitutional rights. Finally, Plaintiff alleges that Defendants engaged in an "abuse of governmental authority" in violation of state law. Defendants Robb and Dekeyser now move for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably

find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Retaliation**

Plaintiff asserts that on January 18, 2011, Defendant Robb falsely charged him with a misconduct for leaving his television on when he was absent from the unit. Plaintiff also asserts that on February 4, 2011, Defendants Robb and Dekeyser "concocted" to falsely charge him with a

misconduct violation for engaging in insolent behavior toward Robb. Plaintiff asserts that he was charged with these misconduct violations in retaliation for having questioned, in November 2010, the manner by which Robb distributed prisoner mail. Plaintiff was found guilty of both misconduct violations. Defendants Robb and Dekeyser now move for summary judgment as to Plaintiff's retaliation claims.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Defendants assert that they are entitled to summary judgment because Plaintiff cannot establish the requisite causal connection.

With respect to causation, courts recognize that retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004) ("conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Accordingly, even if Plaintiff demonstrates that his protected conduct "was a motivating factor in the defendant's action," Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007).

Furthermore, where an inmate alleges that a prison official falsely charged him with a misconduct violation for retaliatory purposes, the prison official is entitled to relief if the prisoner was found guilty of the misconduct violation. *See, e.g., Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir., Nov. 17, 2005) (where prisoner is found guilty of the allegedly retaliatory misconduct violation, such "essentially checkmates a retaliation claim"). Implicit in this conclusion is that a finding that the allegedly retaliatory misconduct charge was supported by the evidence constitutes sufficient evidence on the issue of causation to warrant summary judgment for the prison official.

Defendant Robb has submitted an affidavit in which he asserts that he was unaware of the topics discussed at the November 25, 2010 Warden Forum's meeting. (Dkt. #7, Exhibit B). Robb asserts that Plaintiff never "raised a concern with [him] regarding the manner in which mail is distributed." Robb acknowledges that on January 18, 2011, he charged Plaintiff with a misconduct violation for leaving his television on while he was absent from the unit. Robb asserts that he charged Plaintiff with this violation because Plaintiff left his television on when he left the unit.

With respect to the February 4, 2011 incident, Robb asserts that on February 3, 2011, "after addressing an issue concerning the violation of a posted rule with [Plaintiff] and seven other inmates, [Plaintiff] looked directly at [Robb] and stated in a loud voice, 'why are you fucking with me,

stop harassing me.'"  Robb asserts that "based on [Plaintiff's] words and the manner in which he used them," he charged Plaintiff with insolence.  The Misconduct Hearing Report reveals that Plaintiff admitted telling Robb "to stop harassing him."

Defendant Dekeyser has also submitted an affidavit in which he asserts that he was not involved in the decision to charge Plaintiff with the misconduct charge. (Dkt. #7, Exhibit E).  Dekeyser asserts that he later reviewed the matter with Plaintiff after which he moved Plaintiff to a different housing unit "to help deescalate the situation."  Dekeyser also informed Plaintiff that "he was being laid in from his job as a porter" because "[a]n allegation had been made that [Plaintiff] had exhibited conduct that was detrimental to the safety and security of the staff who were working in that area."  This particular allegation, however, was unrelated to the charge of insolence charged by Defendant Robb.

Defendants are entitled to summary judgment for several reasons.  Plaintiff has failed to allege a chronology of events from which retaliation can plausibly be inferred.  The length of time that passed between the date on which Plaintiff allegedly complained about the manner in which Defendant Robb was delivering the mail and the two misconduct charges, more than six weeks and two months respectively, is insufficient to establish the requisite causal link.  *See, e.g., Nevares v. Sabin*, 2009 WL 1262866 at *5 (N.D. Tex., May 7, 2009) (where "about two months" passed between protected conduct and alleged retaliatory conduct such failed to set forth "a chronology of events from which retaliation may plausibly be inferred"); *Higgason v. County of Sullivan*, 1998 WL 846942 at *2 (7th Cir., Nov. 25, 1998) (where sixty-four days passed between protected conduct and alleged retaliatory conduct such "failed to set forth a chronology from which retaliation could reasonably be inferred"); *Coulson v. The Goodyear Tire & Rubber Co.*, 31 Fed. Appx. 851, 858-59 (6th Cir., Mar. 14, 2002) (where "less than three weeks" passed between plaintiff filing suit against employer and his termination therefrom, such

was insufficient to establish the necessary "causal relationship" to maintain a retaliation claim); *Murphy v. Brown*, 2010 WL 1292704 at *8 (N.D. Ill., Mar. 29, 2010) (where "just three weeks" passed between granting of FMLA request and termination such was insufficient to support a retaliation claim because "temporal proximity. . .standing on its own is insufficient to establish a causal connection for a claim of retaliation").

Moreover, even if the Court assumes that Plaintiff can establish that his protected conduct "was a motivating factor," in Defendants' actions, Defendants have submitted evidence that their conduct was unrelated to Plaintiff's protected conduct. Plaintiff has presented no evidence that Defendants' purported rationale is merely pretextual. Finally, as previously noted, Plaintiff was found guilty of both misconduct violations in question which "checkmates" his retaliation claims. The undersigned recommends, therefore, that Defendants Robb and Dekeyser are entitled to summary judgment as to Plaintiff's retaliation claims. Furthermore, to the extent that Plaintiff argues that Defendants are not entitled to summary judgment because they have allegedly engaged in selective enforcement of the prison rules in question, the Court is not persuaded.

The Court recognizes that the Sixth Circuit has *suggested* that the general rule articulated above (i.e., that a guilty finding on a misconduct charge precludes a retaliation claim concerning the issuance of such) might be overcome if the prisoner introduces evidence that the prison official in question engaged in selective enforcement of the relevant prison rules and regulations. *See Eby*, 481 F.3d at 442. Specifically, the *Eby* court observed as follows:

> According to MDOC, Thomas cannot show causation without first demonstrating that the misconduct charge was ultimately resolved in his favor, which he cannot do because he was convicted and the conviction was affirmed in the prison's review process. In other words, MDOC argues that because the administrative process concluded that Eby's allegations were not false, Thomas cannot show a retaliatory motive. In

essence, MDOC's argument imports the favorable-termination requirement of *Heck* into cases where the habeas exception to § 1983 does not apply.

On *summary judgment,* we analyze the causation element of a retaliation claim under the burden-shifting framework announced in *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity. MDOC cites *Henderson v. Baird,* 29 F.3d 464 (8th Cir.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995), as well as a bevy of our unpublished opinions relying on *Henderson* and *Hynes v. Squillace,* 143 F.3d 653 (2d Cir.), *cert. denied,* 525 U.S. 907, 119 S.Ct. 246, 142 L.Ed.2d 202 (1998), in support of the proposition that a proven infraction of prison rules will generally satisfy the defendant's burden. Notably, each of these cases was decided on summary judgment, and therefore, each is distinguishable from the present case, which the district court dismissed sua sponte before service of the complaint on the sole defendant, Eby.

However, MDOC cites no case applying the *Mount Healthy* standard on a motion to dismiss, and for good reason - it makes little sense to apply it at the pleading stage. A complaint cannot be dismissed unless "the plaintiff can prove *no set of facts* " that would entitle him to relief. Here, Thomas could establish multiple sets of facts that would prove his § 1983 claim. For example, it is possible that after discovery, Thomas would be able to demonstrate that inmates regularly expose their genitals to guards without consequence. Or perhaps he could prove that he had exposed himself to Eby in the past, but she had never pursued disciplinary action until after he filed a grievance against another guard. In either of these cases, Thomas would be able to show that his filing a grievance was "a motivating factor" behind the misconduct ticket. And Eby likely would be unable to meet her burden to "show that [s]he would have taken the same action in the absence of the protected activity." While it may be unlikely that Thomas could prove such facts, the district court cannot dismiss a pro se prisoner's pleading merely "because the court finds the plaintiff's allegations unlikely." Accordingly, we conclude that Thomas adequately pleaded a claim for retaliation.

*Id.* at 441-42 (internal citations omitted).

For the following reasons, however, the Court is not persuaded by any argument that Defendants are not entitled to summary judgment on the ground that they selectively enforced the prison rule in question. First, the language in *Eby* quoted above is clearly dicta unnecessary to the court's holding and, therefore, is not binding on this Court.

Second, the claims reviewed by the *Eby* court had been dismissed sua sponte by the District Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), which requires a court to dismiss any complaint which fails to state a claim upon which relief can be granted. Defendants Robb and Dekeyser are not seeking relief on the ground that Plaintiff has failed to state a claim, but are instead seeking relief pursuant to a properly supported motion for summary judgment. The *Eby* court did not suggest that summary judgment is precluded whenever evidence of selective enforcement is presented, but instead merely observed that sua sponte dismissal of a retaliation claim is inappropriate if the prisoner *might* be able to present evidence (e.g., evidence of selective enforcement) which, if believed, would entitle him to relief. As the *Eby* court further recognized, however, even if "a plaintiff shows that his protected conduct was a motivating factor in the defendant's action," the defendant is nonetheless entitled to summary judgment if he shows "that [he] would have taken the same action even without the protected activity." That is precisely what Defendants Robb and Dekeyser have done in this instance, present evidence that their actions were unrelated to Plaintiff's protected conduct.

Finally, adoption of such an argument would require this Court to second-guess hundreds (and perhaps thousands) of decisions made every single day by prison officials in the exercise of their professional judgment, something the United States Supreme Court has long held is an activity for which federal courts are unqualified. *See, e.g., Bell v. Wolfish*, 468 U.S. 520, 546-47 (1979) (prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and

practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

In sum, while Plaintiff has not forfeited all constitutional protections by reason of his conviction and confinement in prison, *Wolfish*, 441 U.S. at 545, he only retains such First Amendment rights as are neither incompatible with his status as a prisoner nor legitimate penological objectives. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984). Plaintiff enjoys no constitutional right to disobey legitimate prison rules and regulations. Plaintiff was convicted of the two misconduct violations in question and Defendants Robb and Dekeyser have submitted evidence that their actions relative to these misconduct charges were unrelated to Plaintiff's protected conduct. Accordingly, for the reasons discussed above, the undersigned recommends that Defendant Robb and Defendant Dekeyser are both entitled to summary judgment as to Plaintiff's retaliation claims.[1]

**II.        Conspiracy**

Plaintiff also asserts that Defendants Robb and Dekeyser conspired to deprive him of his "federal constitutional rights." Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim fails, however, because as discussed above Plaintiff cannot establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)). Accordingly,

---

[1] Plaintiff makes references in his pleadings to what future discovery might reveal. Plaintiff has failed, however, to comply with the requirements of Federal Rule of Civil Procedure 56(d). Thus, Plaintiff is not entitled to a continuance to conduct discovery.

the undersigned recommends that Defendant Robb and Defendant Dekeyser are entitled to summary judgment as to Plaintiff's conspiracy claims.

### III.     State Law Claims

In Count IV of his Complaint, Plaintiff asserts a state law claim for "abuse of governmental authority" and violation of a Michigan statute prohibiting harassment against an inmate. While the Court *could* retain jurisdiction over Plaintiff's state law claims, the undersigned recommends that these claims be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."  Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."  *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same).  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #6), be **granted** and this action terminated.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 17, 2012 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge