UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID VAUGHN,

    Plaintiff,                                        Case No. 1:11-cv-323

v                                                  HON. JANET T. NEFF

KEVIN ROBB, et al.,

    Defendants.

_____/

**OPINION AND ORDER**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged retaliatory action taken against Plaintiff by Defendants. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

       Plaintiff raises numerous objections to the Magistrate Judge's Report and Recommendation. Plaintiff contends that the Magistrate Judge made the following errors of law and fact: (1) only considering Defendants' evidence in the record (Pl. Obj., Dkt 23 at 1-2); (2) not evaluating his claim in light of what Plaintiff considers relevant controlling authority (*id.* at 2); (3) ignoring relevant

evidence and authority in determining that the misconduct hearings were not retaliatory (*id*. at 4; R & R, Dkt 21 at 6); (4) accepting the misconduct reports as properly supported (Pl. Obj., Dkt 23 at 6; R & R, Dkt 21 at 8); (5) determining that Plaintiff has not alleged a chronology of events from which retaliation can be plausibly inferred (Pl. Obj., Dkt 23 at 6; R & R, Dkt 21 at 7); (6) ignoring relevant evidence in evaluation of Plaintiff's conspiracy claim (Pl. Obj., Dkt 23 at 7; R & R, Dkt 21 at 11-12); and (7) misapplying the summary judgment standard (Pl. Obj., Dkt 23 at 8; R & R, Dkt 21 at 12).

## I. Retaliation Claim

Taken together, Plaintiff's objections with respect to his retaliation claim allege that the Magistrate Judge ignored the evidence Plaintiff submitted, gave improper weight to Defendants' evidence, and ignored relevant case law. Plaintiff, however, overlooks the Magistrate Judge's evaluation of his claim in light of *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005).

"A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson*, 158 F. App'x at 662 (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). Here, Plaintiff was found guilty of misconduct in two separate hearings (Compl., Dkt 1 ¶¶ 19, 28). Even if evidence submitted by Plaintiff in response to Defendants' summary judgment motion contradicts some of the evidence proffered by Defendants in support of their motion, a genuine issue of *material* fact does not exist because of the *undisputed* fact that Plaintiff was found guilty of the misconduct charges against him. Therefore, the Magistrate Judge's conclusion that Defendants are entitled to summary judgment is well founded (R & R, Dkt 21 at 8). Plaintiff's arguments to the contrary are without merit, and his objections are therefore denied.

## II.  Conspiracy Claim

With respect to his conspiracy claim, Plaintiff argues that the Magistrate Judge "failed to recognize that Plaintiff alleged that both Defendants . . . were seen in the control center discussing a 'secret matter' and when Plaintiff went by the area they halted their conversation and immediately left" (Pl. Obj., Dkt 23 at 7).  Plaintiff also asserts that "he overheard his name being mentioned by Defendants" (*id.*).  Plaintiff states that it was after this secret meeting that he was relieved of his duties in the control center (*id.*).  Plaintiff contends that "[t]his is more than conclusory allegations" (*id.*).

Even if Plaintiff's argument is more than a conclusory allegation of a conspiracy, such does not entitle him to relief.  An element of a civil conspiracy to deprive an individual of civil rights under 42 U.S.C. § 1985 is an actual injury or deprivation of rights guaranteed by the Constitution.  *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996).  As explained *supra*, Plaintiff cannot establish that his constitutional rights were violated; therefore, the Magistrate Judge properly concluded that Defendants are entitled to summary judgment as to Plaintiff's conspiracy claim.  Plaintiff's arguments to the contrary are without merit, and his objection is therefore denied.

## III.  Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 23) are DENIED, and the Report and Recommendation (Dkt 21) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 6) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: March  8 , 2012                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge